## Commonwealth v. Deprospero

*Thomas G. Ashton,* for Commonwealth.
*Richard L. Cantor,* for defendant.

MARRONE, J., June 20, 1969.—This proceeding comes before us on a writ of certiorari.

Defendant, Dominic J. Deprospero, was arrested on view, on Sunday, June 30, 1968, by an officer of the Borough of Avondale, Chester County, Pa., for operating an overloaded motor vehicle. On the same day he was taken to the office of a justice of the peace where an information charging him with a violation of section 903 of The Vehicle Code of May 1, 1929, P. L. 905, was sworn to by the officer and lodged with the justice of the peace.

The record discloses that on being taken before the justice of the peace, defendant was advised, since it was a Sunday, in the words of the transcript, that "I wasn't permitted to give him a hearing, I informed him of what he was being charged with, and stated that he would have to post bail for further hearing . . ." At a hearing held on July 5, 1968, defendant appeared and entered a plea of guilty. He was sentenced to pay $1,605 in fine and costs which sums were paid. Following his appearance and the payment of the fine and costs a petition for writ of certiorari was filed and the writ was allowed by the court.

Defendant filed exceptions to the record of the justice of the peace raising the following questions:

1. Did the arresting officer have any authority to make an arrest on view on Sunday?

2. Was the arrest defective in that the information delivered to defendant shows that it was filed on a Sunday on a charge of a violation occurring on a Saturday?

We will take judicial notice that June 30, 1968, was a Sunday. It was in fact on a Sunday that the information was filed. Thus we have no difficulty in concluding that if the arrest was made on Saturday, June 29, 1968, as it appears on the information executed and filed on Sunday, the arrest was illegal and void: Commonwealth v. Weaver, 30 D. & C. 2d 631 (1963). Even assuming that the arrest, in fact, took place on Sunday, June 30, 1968, as it appears on the transcript, we still are of the opinion that the judgment and sentence must be set aside.

The only authorization for an arrest on view on Sunday is contained in The Vehicle Code of May 1, 1929, supra, sec. 1211, 75 PS §741, which grants to members of the Pennsylvania State Police the power and authority to arrest on view, on Sunday or on any other day. There follow in that section certain limitations concerning defendant's right to a hearing or waiving a hearing and giving bail and other matters not pertinent herein. While there is no doubt that police officers may make an arrest on view pursuant to section 1202 of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1202(c)), there is no authorization contained therein for police officers not members of the Pennsylvania State Police to arrest on view on Sundays.

Nowhere in The Vehicle Code nor in any other statute is there any exception in cases of arrest on view on Sunday for operating an overloaded motor vehicle. Accordingly, the Act of 1705, 1 Sm. L. 25, sec. 4, 44 PS §1, which provides that "No person or persons upon the first day of the week, shall serve or execute, or cause to be served or executed, any writ,

precept, warrant, order, judgment or decree, except in case of treason, felony, or breach of the peace; but that the serving of any such writ, precept, warrant, order, judgment or decree, shall be void, to all intents and purposes whatsoever; . . ." governs the situation. Even if we follow the reasoning in Commonwealth v. Schlegel, 60 Mun. Law Reporter 253, which questions the applicability of the Act of 1705 to situations such as this, still the common law rule forbidding judicial acts on Sundays applies.

We are not unmindful that in cases of overloaded vehicles, particularly those of out of State motorists, the police officers might be greatly hampered by not being authorized to arrest on view on Sundays and proceed with filing an information. However, the legislature has authorized certain exceptions to the common law rule that Sunday is a day non juridicus. Having recognized this specifically in the section of The Vehicle Code hereinabove referred to regarding members of the State police and not having granted the same authority to peace officers in the Commonwealth generally, we have no choice but to uphold the common law rule. Although there is sound reasoning for permitting arrests on view without warrant on Sundays, particularly in cases involving overloaded vehicles, any change in that regard must come from the legislature. We do not deem it a judicial function to make such a change where, as here, there is no statutory exception to the common law rule.

The execution and filing of the information for the violation of The Vehicle Code constitutes a juridical act and is prohibited unless a statutory exception exists: Commonwealth v. Weaver, supra.

Defendant's exceptions are sustained and the judgment and sentence of the justice of the peace is reversed and set aside. Defendant is discharged with costs charged to the County of Chester.